DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC., Plaintiff, v. ADIRONDACK DIAGNOSTIC IMAGING OF ALBANY, INC., Defendant. | ) | CASE NO. 5:09-CV-2614 **MEMORANDUM OPINION AND ORDER** |

The matter before the Court concerns an alleged breach of contract of a service agreement between the above captioned parties. Plaintiff Hitachi Medical Systems America, Inc. ("Hitachi") entered into a service maintenance agreement ("SMA") with Defendant Adirondack Diagnostic Imaging of Albany, Inc. ("Adirondack") on November 18, 2005. Sometime in mid-2007, Adirondack stopped making payments pursuant to the terms of the SMA. On November 6, 2009, Hitachi filed its Complaint with the Court asserting three Counts: 1) Breach of Contract, 2) Unjust Enrichment and 3) Declaratory Judgment. Hitachi seeks compensatory damages in excess of $200,000.00, "plus interest, pursuant to the terms of the SMA." ECF No. 1 at 3.

On August 13, 2010, Hitachi filed its motion for summary judgment on its breach of contract claim. ECF No. 26. Adirondack admits to "the existence of the contract, and its failure to make all payments required therein." ECF No. 30 at 6. Thus, Adirondack admits that it has breached the SMA for non-payment. Adirondack's sole dispute concerns the amount of damages. Specifically, Adirondack disputes the enforceability of the accelerated damages clause

under Ohio law which calls into question the amount of damages Hitachi is owed as a result of Adirondack's breach of the SMA.

For the reasons set forth below, Hitachi's motion for summary judgment is granted with respect to its breach of contract claim, however, the Court is unable to determine the appropriate amount of damages as requested by Hitachi in the Complaint and motion for summary judgment.

## I. Background

Plaintiff Hitachi Medical Systems America, Inc. is a Delaware corporation with its principal place of business located in Twinsburg, Ohio. With respect to this case, Hitachi contracts with owners of certain medical equipment to provide inspection and maintenance of the equipment under a service maintenance agreement (also referred to as "SMA"). Defendant Adirondack is a business incorporated under the laws of the state of New York. The Court has jurisdiction pursuant to diversity of citizenship.

At the crux of the dispute is a service maintenance agreement entered into by the parties. On October 31, 2005, Steven Powers, acting as Adirondack's representative, signed the SMA at issue for the inspection and maintenance of a magnetic residence imaging ("MRI") machine, identified as Aris 0.3 Open Permanent Magnet System. Subsequently, Hitachi accepted the terms of the SMA on November 18, 2005. The relevant terms of the agreement relating to cost are summarized as follows: The length of the SMA is four (4) years beginning on February 1, 2006, at a yearly cost of $75,000.00 to be paid monthly in the amount of $6,250.00.

On November 6, 2009, Hitachi filed its Complaint with the Court asserting three Counts: 1) Breach of Contract, 2) Unjust Enrichment and 3) Declaratory Judgment. On August 13, 2010,

Hitachi filed its motion for summary judgment on its breach of contract claim. In its opposition to the motion for summary judgment file on September 9, 2010, Adirondack admits to "the existence of the contract, and its failure to make all payments required therein." ECF No. 30 at 6. Adirondack also filed two affidavits supporting its opposition which Hitachi moved the Court to strike in whole or in part. *See* ECF Nos. 36 & 37. On September 23, 2010, Hitachi filed its reply in support of its motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion

for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

## III. Analysis

There is no genuine dispute of material fact concerning whether or not Adirondack failed to pay under the terms of the SMA and therefore breached the SMA. Adirondack's admission

that it did not make the required payments according to the SMA is evidenced by the deposition testimony of Steven Powers (ECF No. 26-2 at 59 - 61) and in Adirondack's opposition brief (ECF No. 30 at 6). Accordingly, the Court finds there is no genuine dispute as to any material fact concerning Adirondack's failure to pay under the terms of the SMA which thereby constitutes a breach of the SMA.

The Court, however, is unable to determine the appropriate amount of damages owed to Hitachi as a result of Adirondack's breach of the SMA. In the Complaint, Hitachi claims it "is entitled to recover from Defendant Adirondack an amount in excess of $206,500.00, plus interest, costs, and attorney fees, *pursuant to the terms of the Agreement*." ECF No. 1 at 2 (Emphasis added). In its motion for summary judgment, Hitachi claims its "*damages are based on the terms of the SMA* and include thirty-three (33) monthly payments of $6,250.00 each, totaling $206,250.00." ECF No. 26 at 8 (Emphasis added). Hitachi fails to direct the Court to the specific "terms" of the SMA upon which it relies for damages and the specific dollar amounts of damages that correspond to the relied upon "terms."

For example, Hitachi claims that it provided service on the medical equipment at issue for a certain number of months for which Adirondack did not pay Hitachi. Does Hitachi seek damages for that work performed based on a term in the SMA or some other theory? Does Hitachi seek any damages pursuant to the disputed acceleration clause contained on the first page of the SMA? If so, for what dollar amount and what month(s) of missed payment(s)?

The Court Orders Hitachi to precisely specify the theory of law and term or terms of the SMA upon which it relies for damages[1] and to also specify the exact dollar amount of damages that corresponds to the relied upon theory of law and term or terms of the SMA. Hitachi shall file this brief no later than 4 p.m., February 18, 2011, and any response by Adirondack shall be filed no later than 4 p.m., March 4, 2011. A reply will not be accepted. The Court will schedule a hearing for a date to be determined, if necessary.

## IV. Conclusion on Motions

### A. Hitachi's Motion for Summary Judgment

For the reasons contained herein, the Court concludes that there are no material facts in dispute regarding whether or not Defendant Adirondack breached the SMA for its failure to pay according to the terms of the SMA. Accordingly, Plaintiff Hitachi's motion for summary judgment is GRANTED with respect to its breach of contract claim, however, the Court cannot enter judgment based upon the uncertainty of the appropriate amount of damages owed by Adirondack to Hitachi for Adirondack's breach of the SMA.

### B. Remaining Motions

In addition to Hitachi's motion for summary judgment, Hitachi filed three (3) motions to strike. ECF Nos. 36, 37 & 42. Because the Court did not rely upon the disputed affidavits in

---

[1] Hitachi should not limit its explanation to the questions presented by the Court. The Court's questions are written only as examples as to why damages cannot be determined at this time. Hitachi should fully and explicitly set forth the "terms"of the SMA upon which it relies for damages and the specific dollar amounts of damages that correspond to the relied upon "terms."

resolving Hitachi's motion for summary judgment, each motion to strike (ECF Nos. 36, 37 & 42) is DENIED as MOOT.

IT IS SO ORDERED.

January 28, 2011
Date

*s/ David D. Dowd, Jr.*
David D. Dowd, Jr.
U.S. District Judge